**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2261
_____

UNITED STATES OF AMERICA

v.

THOMAS V. SAVINO,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2:16-cr-00582-001)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 16, 2022

Before:  KRAUSE, BIBAS and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed August 17, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Thomas Savino appeals an order denying his motion for a new trial under Federal Rule of Criminal Procedure 33. The District Court rightly determined that Savino's "newly discovered evidence" failed to satisfy the requirements for Rule 33 relief. So the District Court did not abuse its discretion in denying Savino's motion. We will thus affirm.

I.

Savino ran a solo medical practice in Staten Island, New York. He was tried before a jury in the United States District Court for the District of New Jersey on ten counts of violating federal anti-kickback laws, see 42 U.S.C. § 1320a-7b(b)(1)(A), depriving patients of honest services, see 18 U.S.C. §§ 1343, 1346, and violating the Travel Act, see 18 U.S.C. § 1952(a)(1), (3). Generally speaking, Savino was accused of accepting cash payments from New Jersey-based Biodiagnostic Laboratory Services (BLS) in exchange for referring patients' bloodwork to BLS. His core defense was that the payments were not bribes, but rent for an office suite that adjoined his own, where his patients' blood was drawn for processing by BLS. Savino was convicted on all counts, and the District Court sentenced him to four years of imprisonment.

We affirmed Savino's criminal judgment on direct appeal. See United States v. Savino, 788 F. App'x 869 (3d Cir. 2019). Later, we rejected his counseled request for a certificate of appealability related to the District Court's denial of a motion under 28

U.S.C. § 2255. See Savino v. United States, C.A. No. 21-3364, Doc. 14 (3d Cir. Apr. 21, 2022) (order). In the interim, Savino had filed the pro se Rule 33 motion at issue here.

The Rule 33 motion relied on allegedly new evidence purporting to demonstrate that the only state law governing Savino and BLS and the dealings between the two was that of New York.[1] The evidence included an email to Savino's counsel from an Assistant United States Attorney, which was drafted during the pendency of direct appeal proceedings and was apparently accompanied by licensing/permitting documents issued to BLS by the New York State Department of Health (NYSDOH). Savino's Rule 33 filings included those licensing/permitting documents, one of which made plain that BLS was (for a relevant year) authorized by the NYSDOH to "perform laboratory procedures" at its Parsippany, New Jersey headquarters. DC ECF No. 96-1 at 5.[2] According to Savino, the collection of new evidence would have served as a bulwark against, inter alia, the

---

[1] Savino's Rule 33 motion would not have been timely filed had it been based on anything other than "newly discovered evidence." Cf. Fed. R. Crim. P. 33(b)(2).

[2] Savino also produced—in reply to the Government's opposition to the Rule 33 motion—an affidavit from his former officer manager dated just three days prior to the filing. The affidavit purported to demonstrate that the Government in its opposition had mischaracterized the testimony given by the officer manager at Savino's trial. The gambit was curious (the trial transcripts speak for themselves and seemingly were accessible by Savino, see, e.g., DC ECF No. 105 at 50-62). And it readily crumbled under the pressure of the District Court's scrutiny. See DC ECF No. 109 at 9-10 n.2. In any event, to the extent that Savino offered the newly *created* affidavit as "newly discovered evidence" for purposes of Rule 33, we are skeptical of the premise. Cf. United States v. Saada, 212 F.3d 210, 216 (3d Cir. 2000). But we need not resolve the issue because the affidavit provided no basis for a new trial even assuming it were appropriate to consider the affidavit against the requirements for relief under Rule 33.

Government's position at trial that violations of *New Jersey*'s commercial bribery statute were predicate acts for the Travel Act (and related conspiracy) charges upon which Savino was ultimately convicted.

The District Court denied Savino's motion, concluding that he proved none of the five requirements for a new trial under Rule 33. Cf. United States v. Cimera, 459 F.3d 452, 458 (3d Cir. 2006) (explaining that, for a new trial to be granted under Rule 33 on the basis of "newly discovered evidence," the evidence must be (1) newly, (2) diligently discovered, as well as (3) non-cumulative and non-impeaching, (4) material, and (5) capable of "probably" producing an acquittal). This appeal followed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. The District Court's order denying Savino's Rule 33 motion is reviewed for abuse of discretion, though we review the underlying legal determinations de novo. See United States v. Quiles, 618 F.3d 383, 390 (3d Cir. 2010).

## III.

Savino's Rule 33 motion appears to have operated from a base of resistance to our statement on direct appeal that "out-of-state conduct under the New Jersey commercial bribery statute can serve as a predicate offense under the Travel Act." Savino, 788 F. App'x at 873. Regardless, our statement is true. And as we determined on direct appeal, Savino's acceptance in New York of cash bribes that originated from a New Jersey corporation, coupled with his sending blood samples drawn in New York to be analyzed

4

by BLS at its New Jersey facility, sufficiently demonstrated the interstate nexus required to sustain his conviction under the Travel Act, based on a predicate violation of New Jersey's commercial bribery statute. See id. at 873–74.

We also determined on direct appeal that the Government adduced "ample circumstantial evidence" of Savino's intent to accept bribes from BLS. Id. at 873. For example, the Government presented evidence that BLS's business model was to pay doctors for patients; Savino had never sent any patients to BLS before the payments started and then sent hundreds after being paid; BLS was never given a key to the office space; there was no rental agreement for the space even though Savino had prepared rental agreements when he had previously rented out property; and Savino was paid by BLS in cash. Additionally, in a recorded conversation Savino argued that he should be paid more because of the "good volume" that he supplied. Id.[3]

The evidence presented to the jury "more than suffice[d] to sustain" its verdict. Id. Savino's Rule 33 motion and supporting evidence, meanwhile, offered nothing to undermine our determinations on direct appeal and the verdict at large. Significantly, BLS's licensure status had been disclosed to Savino's defense attorneys in pretrial discovery, and it had been testified to at trial. Simply put: It is not at all probable that

---

[3] As the evidence presented to the jury revealed that Savino accepted bribes, he necessarily violated the duty of fidelity to his patients, because that duty prohibits self-dealing. See United States v. Lee, 359 F.3d 194, 204–05 (3d Cir. 2004) (holding that self-dealing is a sufficient breach of the duty of fidelity under the New Jersey commercial bribery statute as a predicate for a Travel Act violation).

Savino's allegedly new evidence would have produced an acquittal on any count. See Cimera, 459 F.3d at 458; cf. United States v. Ashfield, 735 F.2d 101, 112 (3d Cir. 1984) (acknowledging the "heavy burden" of the Rule 33 movant). That conclusion alone shows that the Rule 33 motion lacked merit. See United States v. Kelly, 539 F.3d 172, 182 (3d Cir. 2008) ("If just one of the requirements is not satisfied, a defendant's Rule 33 motion must fail."). Accordingly, there was no abuse of discretion by the District Court in denying that motion.

## IV.

For the reasons given above, the judgment of the District Court will be affirmed.